1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                        NORTHERN DISTRICT OF CALIFORNIA

8

9    FRED RICK ATHERTON,                        No. C 06-6849 MHP (pr)

10              Petitioner,                      **ORDER TO SHOW CAUSE**

11        v.

12   A. P. KANE, Warden,

13              Respondent.
                                          /
14   _____

15

16                              **INTRODUCTION**

17        Fred Rick Atherton, an inmate at the Correctional Training Facility in Soledad, filed

18   this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition

19   is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules

20   Governing Section 2254 Cases.

21                              **BACKGROUND**

22        Atherton reports in his petition that he was convicted in Orange County Superior

23   Court of second degree murder, assault with a deadly weapon, and possession of dangerous

24   drugs.  He was sentenced in 1988 to 17 years and 8 months to life in prison.  His petition

25   does not challenge his conviction but instead challenges a decision by the Board of Parole

26   Hearings ("BPH") at an August 30, 2005 hearing that found him not suitable for parole.

27   Atherton alleges that he filed habeas petitions in state courts before filing this action.

28

**United States District Court**
For the Northern District of California

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Atherton alleges one due process claim in his petition: he alleges that the BPH's decision was not supported by sufficient evidence. Liberally construed, the allegations present a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006). The allegations in the petition that there was also a violation of state law do not state a cognizable claim for federal habeas relief, as federal habeas relief is available only for a violation of the Constitution, laws or treaties of the United States and not for state law errors.

**CONCLUSION**

For the foregoing reasons,

1.      The petition's due process claim for insufficient evidence warrants a response from respondent.

2.      The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.      Respondent must file and serve upon petitioner, on or before **March 2, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with

2

the answer a copy of all portions of the parole hearing record that have been previously

transcribed and that are relevant to a determination of the issues presented by the petition.

4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse

with the court and serving it on respondent on or before **March 30, 2007**.

5.      Petitioner is responsible for prosecuting this case.  He must keep the court

informed of any change of address and must comply with the court's orders in a timely

fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b).


        IT IS SO ORDERED.

DATED:   December 20, 2006

                                                                    Marilyn Hall Patel
                                                                    United States District Judge

3